UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM S. SHAW,

    Plaintiff,

v.                                  Case No.:  2:22-cv-106-SPC-MRM

HEALTHPARK MEDICAL CENTER, C.J. SCERBO, JAMES IVERSON, MIGUEL OLIVECIA, JIM FITZGERALD, GILBERT FREITAS, BRIAN HORNSBY, RENE RODRIGUEZ, RENEE D. DALE and CNA KALI,

    Defendants.

_____/

## ORDER[1]

Before the Court is Defendants' Motion to Dismiss (Doc. 10). Plaintiff William Shaw failed to respond. Local Rule 3.01(c) (giving parties twenty-one days to respond); Fed. R. Civ. P. 6(d) (adding three days when party must act within time after service by mail). This action appears at least partially duplicative of another suit before the Court—*Shaw v. Rodriguez*, No. 2:22-cv-00107-SPC-NPM (M.D. Fla.). But Defendants don't address that.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

This is a dispute about an incident at HealthPark Medical Center. According to Shaw, Defendants accessed his health information and restrained him. Now, he brings several claims against them.

Together, Rules 8 and 10 lay out the minimum pleading requirements. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And each "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Violations of these rules can create shotgun pleading problems. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015). At bottom, shotgun complaints don't "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

To put it mildly, "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). They waste resources, broaden discovery, and ravage dockets. *Id.* So when staring down the barrel of a shotgun complaint, courts should order repleading. *Paylor v. Hartford Fire Ins.*, 748 F.3d 1117, 1127-28 (11th Cir. 2014) (criticizing district court for not policing shotgun pleadings).

The Complaint commits "the relatively rare sin of asserting multiple claims against multiple defendants without specifying" the claims against each

Defendant.[2]  *See Weiland*, 792 F.3d at 1323, 1324 n.17.  Shaw brings a host of claims against Defendants without specifying who is liable for each claim.  In all, Shaw sues ten Defendants.  But it's anybody's guess who did what.  Put simply, the Complaint is a shotgun pleading.  *E.g.*, *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins.*, 953 F.3d 707, 732-33 (11th Cir. 2020) (holding group pleading did not give each defendant "fair notice of the allegations" and the grounds of each claim).

Aside from that issue, the Complaint is a rambling mix of conclusory facts and legal conclusions.  Some do not correspond to a cause of action.  *Weiland*, 792 F.3d at 1322 (identifying a shotgun pleading as "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action").  And it is unclear exactly what claims Shaw brings.  For instance, the Complaint might try to allege negligence.  Likewise, Shaw maybe pursues a claim for hacking the public defender's office.  Finally, he may want breach of contract damages.  But the pleading fails to clarify if Shaw pursues those theories and (if so) on what basis.  At bottom, the Court cannot expect Defendants to respond to this scattershot Complaint.

Having concluded the Complaint is a shotgun pleading, the Court dismisses with leave to amend.  *Shabanets*, 878 F.3d at 1296.  Shaw should

---

[2] As the Court said, this is far from a "rare" misstep.  *Milfort v. Rambosk*, No. 2:21-cv-366-SPC-MRM, 2021 WL 2401848, at *1 n.2 (M.D. Fla. June 10, 2021).

review the Federal Rules and make his claims clear—along with the facts in support of each—so Defendants can respond.

What's more, Defendants are correct several claims invoke statutes that don't provide a private cause of action. *E.g.*, *Laster v. CareConnect Health Inc.*, 852 F. App'x 476, 478 (11th Cir. 2021) (HIPAA); *Reed v. Club XM, Inc.*, No. 6:14-cv-217-Orl-18GJK, 2014 WL 12722863, at *5 n.4 (M.D. Fla. May 6, 2014) (Fla. Stat. § 784.03); *Turner v. Charter Schools USA, Inc.*, No. 18-24005-CIV-GAYLES/MCALILEY, 2020 WL 620392, at *9 (S.D. Fla. Jan. 14, 2020) (Fla. Stat. § 787.02). Even if the Court could liberally construe some of those claims as corresponding state-law torts, Shaw still failed to allege facts supporting their respective elements. Shaw should review the federal pleading requirements and allege all facts necessary to state plausible claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

One final matter. The Complaint does not comply with the Court's typography requirements. Local Rule 1.08. While Shaw is pro se, he must still comply with the Court's procedural rules. *E.g.*, *Woodford v. Ngo*, 548 U.S. 81, 103 (2006). The Court encourages Shaw to get an attorney or—at a minimum—consult the District's Guide for Proceeding Without a Lawyer.[3]

Accordingly, it is now

---

[3] *Available at*, https://www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-guide-for-proceeding-without-a-lawyer.pdf.

**ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 10) is **GRANTED**.

2. The Complaint (Doc. 3) is **DISMISSED without prejudice** as a shotgun pleading.

3. Plaintiff must **FILE** an amended complaint **on or before April 12, 2022**. **If Plaintiff fails to file amended complaint, the Court will close this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on March 29, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record