UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM S. SHAW,

    Plaintiff,

v.                                    Case No.:  2:22-cv-106-SPC-MRM

HEALTHPARK MEDICAL CENTER, C.J. SCERBO, JAMES IVERSON, MIGUEL OLIVECIA, JIM FITZGERALD, GILBERT FREITAS, BRIAN HORNSBY, RENE RODRIGUEZ, RENEE D. DALE, CNA KALI, HEALTHPARK HOSPITAL and MARCIE L. MANNING,

    Defendants.
_____/

**<u>ORDER</u>**[1]

Before the Court is the Court's Order to Show Cause (the "Order") (Doc. 28).  As the Order explained, pro se Plaintiff amended and removed all federal claims.  So the Order required the parties to show cause why the Court should not remand.  Defendants responded (Doc. 30).  They "have no legal basis in order to show support why this matter should not be remanded." (Doc. 30 at

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

1).  Plaintiff did not respond.  And the Court construes his silence "as a desire to remand." (Doc. 28 at 3).

After review, the Court employs its discretion and declines to exercise supplemental jurisdiction.  28 U.S.C. § 1367(c)(3).  If the Court must consider the so-called *Gibbs*[2] factors, they do not weigh in favor of keeping the case.  *See Sutherland v. Global Equip. Co.*, 789 F. App'x 156, 162 (11th Cir. 2019) (holding a district court need not even consider those factors when discharging under § 1367(c)(3)); 13D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3567.3 (3d ed. Apr. 2022 update) (explaining confusion on applicability of *Gibbs* factors).

First, judicial economy weighs against exercising supplemental jurisdiction.  Judicial economy is "served when issues of state law are resolved by state courts."  *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002).

Second, convenience points to retaining jurisdiction—but just barely.  The Eleventh noted, "as far as the parties are concerned, it would be most convenient to try every claim in a single forum."  *Ameritox, Ltd. v. Millennium Laboratories, Inc.*, 803 F.3d 518, 539 (11th Cir. 2015).

---

[2] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966).

Third, fairness considerations do not favor jurisdiction here. Each "litigant who brings supplemental claims in [federal] court knowingly risks the dismissal of those claims." *Id.* On the flip side, every removing defendant risks remand when federal claims get dismissed. What's more, this case is in its infancy. Plaintiff sued in state court three months ago. And Defendants removed two months ago. In short, little to nothing happened here to warrant keeping it. See *Rodriguez v. Page Mech. Grp. Inc.,* No. 2:20-cv-926-SPC-NPM, 2021 WL 1741018, at *1-2 (M.D. Fla. Mar. 10, 2021).

And fourth, comity cuts against exercising supplemental jurisdiction. "It is a bedrock principle that 'needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.'" *Ameritox,* 803 F.3d at 539 (quoting *Gibbs,* 383 U.S. at 726).

At bottom, the above weighs against exercising supplemental jurisdiction. So the Court declines it and remands. *Lewis v. City of St. Petersburg,* 260 F.3d 1260, 1267 (11th Cir. 2001).

Accordingly, it is now

**ORDERED:**

1. The Court **DECLINES** to exercise supplemental jurisdiction.

2. This action is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

3. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of that Court.

4. The Clerk is **DIRECTED** to deny any pending motions, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on April 26, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record